KAPLAN *v.* GLOVER.

1. In an action of trover for the recovery of personalty, where on the trial the plaintiff elects to take the property sued for, with hire of same, a verdict finding for the plaintiff but that he recover nothing for the hire is not void for uncertainty, but is clearly a finding in behalf of the plaintiff for the property sued for.

2. In the light of the explanations made by the judge in his note to the motion for new trial, there was no error of law in any of the rulings complained of. The verdict was sustained by the evidence, and the court did not err in overruling the motion for new trial.

Submitted June 6, — Decided July 22, 1899.

Bail-trover. Before Judge Felton. Bibb superior court. November term, 1898.

*John R. Cooper*, for plaintiff in error.

*R. K. Hines*, contra.

Simmons, C. J.  1.  Glover brought an action of trover against Kaplan, for the recovery of a horse.  On the trial he elected ·to take the property and its hire, instead of the highest proved value.  After the evidence and the charge of the court, the jury returned the following verdict: "We, the jury, decide in favor of plaintiff, and recommend the feed of horse sufficient hire for same, and therefore plaintiff recover nothing for hire." The defendant moved for a new trial.  His motion was over-ruled, and he excepted.  The ground mainly relied upon by the plaintiff in error, in the briefs submitted in this court, is one which complains that the verdict of the jury "is not a legal verdict; it is neither a property verdict nor a money verdict." His contention was that it could not be told from the phrase-ology of the verdict whether it found that the horse be returned or that the defendant pay the plaintiff the value of the ani-mal; indeed he claimed that it found neither the one nor the other.  "Verdicts are to have a reasonable intendment, and are not to be avoided unless from necessity."  Civil Code, § 5332.  In the light of the pleadings and of the evidence and the certificate of the judge, it is clear to our minds that the jury intended that the plaintiff should recover his horse but without hire, finding that the feed of the animal was sufficient hire.  This is the way in which the court below construed the verdict, and we think he was clearly right.  The plaintiff hav-ing elected to take the horse rather than its value, we think the verdict neither indefinite nor uncertain.

2.  In the progress of the trial, the plaintiff offered in evi-dence a telegram, which was excluded by the court.  It seems to have been attached to the papers in the case, and to have been with them sent out to the jury by inadvertence of counsel for plaintiff and defendant.  The jury subsequently returned and inquired of the court if they could consider the telegram as it was attached to the papers.  The court instructed them that they could not, and ordered the telegram detached from the papers.  Shortly afterward they returned the verdict above set out.  A statement of these facts is sufficient to show that the court did not commit error in this matter, and that it is not cause for a new trial.

There was sufficient evidence to sustain the verdict, and the other grounds of the motion for new trial were not approved by the trial judge.

Judgment affirmed.    All the Justices concurring.